*190 Curia, per
Evans, J.
The questions necessary to be considered in this case, are, 1st. Was it the duty of Schrock, the Ordinary, to record all or any part of the papers, for the recording of which this action is brought'? 2d. Will an action lie on his official bond, to reimburse the commissioners of public buildings for money expended in recording the papers in his office, which it was his duty to record'?
1st. The condition of his bond was, that Schrock would well and truly and faithfully discharge and perform the duties of the office of Judge of the Court of Ordinary, for the district of Kershaw. Before the Act of 1839, there was-no Act of the Legislature specifying what particular papers in the Ordinary’s office should be recorded. This branch of the jurisdiction of the Spiritual Court, at a very early period of our colonial history, was exercised by the Governor, and with the jurisdiction, the usages of the Spiritual court were no doubt introduced. What was the practice of the Spiritual court in England, in relation to the recording of papers, we have now no means of ascertaining; but in the fee bills which have been passed from the earliest times, down to the last legislation on the subject, fees are allowed for recording certain papers. By the County Court Act of 1785, 7 Stat. 211, the jurisdiction now exercised by the Ordinary, was transferred to the county court; and by the 23d sec. of that Act, the clerks are required “to provide and keep, at their own expense, all necessary record books for the proceedings oí the county courts, and shall make a fair record of such proceedings, together with such other papers appointed by law to be by them recorded.” In the 24th sec. it is enacted that the clerks of the county courts shall be entitled to take and receive the several fees herein to be allowed them by the table of fees, for the several services therein mentioned to be performed by them. By these clauses, it seems to me, the clerk was required, 1st. To keep other books than the mere journals of the court, in which he was to record such other papers as were required by law to be recorded. 2d. That he was entitled to receive fees for recording certain papers appertaining to the court of ordinary ; and 3d. That the services for which the fees were allowed, were to be done and performed by him. On the abolition of the county courts, the *191 jurisdiction was transferred to an officer called the Ordinary, who was both judge and clerk, and bound to do every thing which before was required of the clerk of the county court. That it has been the understanding of the Legislative department of the government, that it was the duty of the Ordinary to record such papers as the fee bills allowed him compensation for, I think there is little doubt. This, I think, is fully sustained by the fact, that where new duties have been required of him, recording is specially provided for, as in the case of a sale, or partition, under the Act of 1824, and where he himself qualifies as executor before one of the Judges of the court of Common Pleas. Nor is it any answer to say, that he is required to record an affidavit of a lost will, without any specific allowance for doing so. By the Act of 1791, he is allowed for recording, or copying any other writing, per copy sheet. 1 am, therefore, of opinion, that it was the official duty of Schrock, as Ordinary, to have recorded all such papers, appertaining to his office, ás he is expressly required to record by any Act of the Legislature of force whilst he was in office, and all such other papers as by the fee bills he is allowed a compensation for recording; and his omission to do so ■was a breach of his official bond.
2d. Can the present action be maintained for this breach of the bond 1 The special verdict finds that certain papers, of which a schedule is annexed to the verdict, were left unrecorded by Schrock, and that the commissioners of public buildings had caused them to be recorded in pursuance of the Act of 1837.
The object of this action, is to be reimbursed the money thus expended. If it was not for what is said in the case of the Treasurer vs. Ross, 4 McC. 273, I should say there could be no doubt upon the subject. Every man in the State is to some extent interested in putting the papers in the Ordinary’s office in a more durable form than loose sheets of paper ; to carry into effect this public policy, the Ordinary is required to record certain papers, and is paid for so doing. He neglects to do it, and the Legislature made it the duty of the commissioners of public buildings to have it done and paid for out of their own funds. The case of the Treasurer vs. Ross, was under the following *192 circumstances: Allison had been clerk of the court for York district, and had neglected to record sundry judgments. Moore was his successor, and was authorized by a resolution of the Legislature, to sue on Allison’s official bond, to recover the amount of fees due for recording the judgments by Moore, provided it should be at his expense and responsibility.
Waties, J. on the circuit, non-suited the plaintiff, on the ground that, as “the State could maintain no action on the bond for a breach which had been repaired, the plaintiff could not.” It is plainly to be gathered from the case, as reported, that Moore had voluntarily recorded the judgments, and that the Legislature had only authorised him to sue on the bond, at his own expense and responsibility, and recover, if by law he could, for these voluntary services. In this view, the case was, no doubt, decided correctly ; but that case was very different from the present, where the recording has been done, not voluntarily, but by the command of the law. I admit that Judge Nott, in affirming the circuit decision, does express the opinion, that in relation to the bond of a clerk, the object of the bond was to indemnify all such persons as may sustain any damage by the mal-practice of the clerk, and not as an indemnity to the State. This opinion he seems .to deduce from the Act of 1789, 5 Stat. 106, which requires the clerk to give a bond with security, for the faithful performance of his duties, and declares that the clerk, with his securities, shall be liable to all damages sustained by any person or persons, in consequence of the mal-practice committed by such clerk. As a general principle, it seems to me, the official bond of any officer may be sued, and damages recovered, for injury to an individual arising from official default, without any special Act to that effect; and the insertion of such a provision in the law, in relation to the clerk, will neither add to nor diminish the liability.
The question in this case is, whether, in consequence of Schrock’s official defalcation, the commissioners of public buildings, in the discharge of their duties, according to law, have been compelled to expend money to have that done which it was his duty to have performed; and if so, whether they cannot recover it on his official bond. This *193 court is of opinion, that they can recover for recording all papers which it was the duty of Schrock to record. But as many papers have been recorded which, so far as I can see, were not required to be recorded before the Act of 1839, and for which, consequently, the security of Schrock is not liable, and which are embraced in the verdict, the decision of the circuit court, ordering a venire facias de novo, is affirmed, and the motion for leave to enter up judgment on the special verdict for the defendant is dismissed.
Richardson, O’Neall, Butler and Wardlaw, JJ. concurred.